HOUSTON, Justice
(dissenting).
The Airport Authority had statutory authorization to charge Enterprise a fee for the privilege of conducting its rental car business at the airport. Ala.Code 1975, § 4-3-11(11). The Airport Authority had no such authorization to charge Enterprise a fee for, and thus impede, the use of Glenn Hearn Boulevard, provided that that street is, as the evidence indicates, a public right-of-way providing access to the airport’s terminal. Epps Aircraft, Inc. v. Montgomery Airport Authority, 570 So.2d 625 (Ala.1990). The pertinent portion of the resolution at issue here provides:
“A person, firm, or corporation desiring access to the Airport for the purpose of conducting rental car business operations, either directly or indirectly, shall first obtain from the Airport Authority a Rental Car Non-Tenant Business Permit prior to conducting any such business on Airport property.”
(Emphasis added.) Exactly which of Enterprise’s activities at the airport did this resolution seek to burden by the imposition of a fee? The Airport Authority contends that it intended to charge rental car companies, like Enterprise, a fee for the privilege of conducting business at the airport, and it submitted evidence in support of that contention. Enterprise contends, however, that the purpose of the resolution was merely to impose a charge for the use of Glenn Hearn Boulevard. It points to the language of the resolution itself, which requires a rental car company to purchase a permit in order to gain “access” to the airport for the purpose of conducting rental car business operations, “prior to conducting any such business on Airport property.” Enterprise submitted evidence showing that it conducts all of its business on Glenn Hearn Boulevard, which, as previously noted, is shown by the evidence to be a public right-of-way, not “airport property.”
The resolution in this case is similar to a municipal ordinance for purposes of construction, and the rules governing the construction of state statutes are applicable to the construction of municipal ordinances. American Bakeries Co. v. City of Opelika, 229 Ala. 388, 157 So. 206 (1934). It is well settled that when a statute is distinct and unequivocal in meaning, there remains no room for judicial construction and the clearly expressed intent of the legislature controls. Tin Man Roofing Co. v. Birmingham Board of Education, 536 So.2d 1383 (Ala.1988); Singer, Sutherland Statutory Construction, § 45.02 (5th ed. 1992). As I read the resolution, the Airport Authority clearly imposed a fee on rental ear companies for gaining access to and using airport property. If Glenn Hearn Boulevard is a public road, not airport property, then the inescapable conclusion is that Enterprise was assessed a fee for the use of a public right-of-way providing access to the airport’s terminal. Because I would hold that the rule stated in Epps Aircraft, supra, controls and, therefore, that the resolution is unenforceable as a matter of law, I respectfully dissent.